IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DOUGLAS BERGMAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SWIRE OILFIELD SERVICES, LLC, <br><br> Defendant. | § § § § § § § § § § § § CIVIL ACTION NO: 5:13-cv-989 |

# COMPLAINT

Plaintiff Douglas Bergman, individually and on behalf of all others similarly situated, for his Complaint against Swire Oilfield Services, LLC states and alleges as follows:

## SUMMARY

1. Swire Oilfield Services, LLC (hereinafter "Defendant") required and/or permitted Douglas Bergmann (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week at its facilities but refused to compensate them properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff Douglas Bergmann and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendant engages in business here and the Plaintiff resides here.

## THE PARTIES

6. Plaintiff Douglas Bergmann is a resident of San Antonio, Texas.  Mr. Bergmann's written consent to this action is attached as Exhibit "A."

7. The Class Members are Defendant's hourly paid field service operators II employed at any time during the three year period immediately preceding the filing of this suit.

8. Defendant is a foreign limited liability company with its principle place of business in the state of Louisiana.  Defendant maintains an office in The Woodlands, Texas. Service of process may be had on Defendant through its registered agent:  Chris Wasson, 2201 Timerloch Place, Suite 175, The Woodlands, Texas  77380 or wherever he may be found.

## COVERAGE

9. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

10. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

11. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

12. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

COMPLAINT                                                                                                                                   2

13. Defendant provides water transfer services to oil and gas producers in central Texas.

14. Plaintiff and the Class Members are or were employed by Defendant as Water Transfer Technicians ("WTTs")>

15. Until September 1, 2013, WTTs were paid a base salary plus a daily non-discretionary bonus.

16. WTTs did not receive overtime compensation for hours exceeding forty in a workweek.

17. Effective September 1, 2013, Defendant instituted a new compensation structure for WTTs, now called Service Operators, under which they are paid on a hourly basis and receive time-and-one-half their hourly rate of pay for hours exceeding forty in a workweek.

## CLASS ALLEGATIONS

18. Plaintiff has actual knowledge that other Class Members have been denied overtime pay for hours worked over forty hours in a workweek.

19. Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

20. Plaintiff and Class Members perform or have performed the same or similar work.

21. Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

22. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

23. Plaintiff's experience is typical of the experiences of the Class Members.

24. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

25. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

26. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

27. The class of similarly situated plaintiffs is properly defined as follows:

> **All persons employed by Defendant as Water Transfer Technicians I, II, or III from September 1, 2010 through September 1, 2013.**

### CAUSES OF ACTION

28. Plaintiff incorporates all allegations contained in the preceding paragraphs.

29. At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

30. Defendant's failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

31. Accordingly, Plaintiff and Class Members are entitled to compensation for overtime hours worked.

32.     Additionally, Plaintiff and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. 216(b).

33.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

34.     Alternatively, should the court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

35.     Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding him and Class Members:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorney's fees, costs, and expenses of this action as provided by the

E. pre-judgment and post judgment interest at the highest rates allowed by law; and

F. such other relief as to which Plaintiff and Class Members may be entitled.

        Respectfully Submitted:

        THE YOUNG LAW FIRM, P.C.
        1001 S. Harrison, Suite 200
        Amarillo, Texas 79101
        (806) 331.1800
        Fax:  (806) 398.9095
        jyoung@youngfirm.com

        By: /s/ Jeremi K. Young
             Jeremi K. Young

       *Attorney for Plaintiff & Class Members*